UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

DARNELL J. CUMMINGS, 04-B-2123,

        Petitioner,

      -v-                          09-CV-740(MAT)
                                                **DECISION AND ORDER**

JAMES CONWAY, SUPERINTENDENT,
ATTICA CORRECTIONAL FACILITY,

        Respondent.

─────────────────────────────────

## I.   Introduction

Pro se petitioner Darnell Cummings ("petitioner") seeks relief pursuant to 28 U.S.C. § 2254 alleging that his conviction of four counts of Robbery in the First Degree(N.Y. Penal L. § 160.15(4)) and one count of Criminal Possession of a Weapon in the Second Degree (former N.Y. Penal L. § 265.03(2)) in Monroe County Supreme Court was unconstitutionally obtained. Petitioner pleaded guilty on May 27, 2004, before Justice Joseph D. Valentino. He was subsequently sentenced to fourteen years of imprisonment with five years of post-release supervision.

## II.  Factual Background and Procedural History

The challenged conviction stems from an incident that occurred on August 8, 2003, wherein petitioner, armed with a loaded handgun, forcibly stole money from three people at an auto parts store in Rochester, New York. In attempting to flee, petitioner stole a

vehicle from a woman, at whom he pointed the same handgun. Plea Tr. dated 5/27/2004 at 7-17.

Petitioner pleaded guilty to the indictment charging him with four counts of first-degree robbery and one count of second-degree weapon possession in exchange for a fourteen-year sentence.[1] Plea Tr. dated 5/27/2004 at 2-18. Petitioner did not move to withdraw his plea prior to or at the sentencing proceeding on August 3, 2004. Petitioner was adjudicated a second felony offender and was sentenced to the agreed-upon term of imprisonment of fourteen years. Sentencing Tr. dated 8/3/2004 at 8.

Following his conviction, petitioner's appellate counsel filed a brief in the Appellate Division, Fourth Department, raising the sole ground that the petitioner's sentence was harsh and excessive. The Appellate Division unanimously affirmed the judgment of conviction. People v. Cummings, 48 A.D.3d 1074 (4th Dept.), lv. denied, 10 N.Y.3d 861 (2008).

Prior to perfecting his appeal, petitioner moved pro se in state court to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. L. § 440.10. See Resp't Appx. F. The grounds alleged therein were: (1) defense counsel coerced petitioner's guilty plea, knowing that he was mentally incompetent; and (2) the identification evidence was suggestive. Id. The state supreme court

---

[1] The plea also satisfied two pending, unrelated charges of forth-degree grand larceny and first-degree robbery. Plea Tr. 3, 18.

denied petitioner's motion on procedural grounds.[2] See Decision and Order, Supreme Court, Monroe County (Valentino, J.), Indictment No. 2003-0461, dated 10/20/2006 (Resp't Appx. H). Leave to appeal that decision was denied by the Fourth Department on June 19, 2007. Resp't Appx. I.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that he was denied the right to effective assistance of trial and appellate counsel. For the reasons that follow, the petition is dismissed.

**III. Discussion**

   **A.   Timeliness**

The respondent has asserted the defense of untimeliness. Resp't Mem. 3. The Court disagrees with respondent that the petition is untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a one-year statute of limitations applies to the filing of applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In general, the one-year period runs from the date on which the petitioner's state criminal judgment becomes final. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d) (1)(A)); accord Smith v.

---

[2] The county court denied petitioner's motion pursuant to N.Y. Crim. Proc. L. § 440.10(2)(b), which mandates denial of the motion where "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal."

McGinnis, 208 F.3d 13, 16 (2d Cir.), cert. denied, 531 U.S. 840 (2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari ... elapsed.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir.2003) (quoting Teague v. Lane, 489 U.S. 288, 295  (1989) (citation and internal quotation marks omitted in original), citing Clay v. United States, 537 U.S. 522 (2003) (noting the "long-recognized, clear meaning" of "finality" in the post-conviction relief context as the time when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires")).

The New York Court of Appeals denied petitioner's leave application on May 8, 2008. Petitioner did not seek certiorari from the United States Supreme Court, and thus his conviction became final for AEDPA purposes 90 days later, on August 6, 2008. Petitioner had one year from that date to timely file his habeas petition. The instant petition was filed July 28, 2009  pursuant to the "prisoner mailbox rule" which deems litigation papers mailed by a pro se prisoner to the clerk of the court as "filed" the moment the papers are turned over to prison authorities for posting to the court through the prison log system. Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent, in his calculations, appears to have failed to consider the prison mailbox rule in asserting this defense. It

is true that petition was not received by the Clerk of the District
Court for filing until August 24, 2009, in which case the petition
would have indeed been 18 days past the expiration of the statute
of limitations. However, the petition indicates that it was signed
and notarized on July 28, 2009, which is the relevant date for
determining timeliness. <u>Conception v. Brown</u>, No. 07-CV-0214(VEB),
2011 WL 1675080 *3 (W.D.N.Y. May 4, 2011) (Bianchini, M.J.).
Accordingly, the petition is not subject to dismissal on the ground
that it is time-barred.

### B.   General Principles Applicable to Federal Habeas Review

#### 1.   Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a
petitioner seeking federal review of his conviction must
demonstrate that the state court's adjudication of his federal
constitutional claim resulted in a decision that was contrary to or
involved an unreasonable application of clearly established Supreme
Court precedent, or resulted in a decision that was based on an
unreasonable factual determination in light of the evidence
presented in state court. <u>See</u> 28 U.S.C. § 2254(d)(1), (2); <u>Williams
v. Taylor</u>, 529 U.S. 362, 375-76 (2000).

#### 2.   Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a
person in custody pursuant to a judgment of a State court shall not
be granted unless it appears that ... the applicant has exhausted

the remedies available in the courts of the State ....” 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). “The exhaustion requirement is not satisfied unless the federal claim has been ‘fairly presented’ to the state courts.” Daye v. Att'y General, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984). “The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been fairly presented to the state courts.” Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir.2006) (internal citations and quotation marks omitted).

In the past, a state prisoner's federal habeas petition had to be dismissed if the petitioner did not exhaust available state remedies as to any of his federal claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). “This exhaustion requirement is ... grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights.” Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, the state may waive the exhaustion requirement, but a “State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance

upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3).

An exception to the exhaustion requirement set forth in <u>Rose v. Lundy,</u> <u>supra</u>, has been provided for by statute. Now, pursuant to the 1996 amendments to 28 U.S.C. § 2254, a district court may, in its discretion, deny on the merits habeas petitions containing unexhausted claims. <u>See</u> 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Section 2254(b)(2) allows a district court to reach the merits of a habeas corpus petition despite nonexhaustion, thereby "effectuat[ing] congressional intent, conserv[ing] judicial resources, and afford[ing] petitioner prompt adjudication of his claim." <u>Steele v. Walter</u>, 11 F.Supp.2d 252, 257 (W.D.N.Y.1998) (quoting <u>Cowan v. Artuz,</u> No. 95 Civ. 9967(RPP)(THK), 1996 WL 631726, at *5 (S.D.N.Y.1996)) (quoted in <u>Loving v. O'Keefe</u>, 960 F.Supp. 46, 49 (S.D.N.Y.1997)).

**C.   Petitioner's Habeas Claims**

**1.   Ineffective Assistance of Trial Counsel**

Petitioner alleges that his trial attorney was constitutionally ineffective for: (1) failing to properly challenge the show-up identification procedures; (2) failing to request pre-trial hearings; (3) neglecting to conduct sufficient pre-trial

investigation; and (4) failing to review records and interview witnesses. Petition ("Pet.") ¶ 14(a). Petitioner did not raise any of these grounds on direct appeal or in his motion to vacate pursuant to N.Y. Crim. Proc. L. § 440.10. They are therefore unexhausted. Notwithstanding petitioner's failure to exhaust his ineffective assistance of counsel claims, this Court has discretion under 28 U.S.C. § 2254(b)(2) to deny on the merits a habeas petition containing unexhausted claims. See Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir.2002); see also Smith v. Texas, 550 U.S. 297, 324 (2007) ("In the absence of any legal obligation to consider a preliminary nonmerits issue, a court may choose in some circumstances to bypass the preliminary issue and rest its decision on the merits.") (citing 28 U.S.C. § 2254(b)(2) (federal habeas court may reject claim on merits without reaching question of exhaustion)). "Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims." Otero v. Stinson, 51 F.Supp.2d 415, 420 (S.D.N.Y.1999).

"Section 2254(b)(2), however, 'does not provide a standard for determining when a court should dismiss a petition on the merits rather than requiring complete exhaustion.'" Otero, 51 F.Supp.2d at 420 (quoting Lambert v. Blackwell, 134 F.3d 506, 516 (3d Cir.1997)). Neither the Supreme Court nor the Second Circuit has established what standard a district court should use to

determine when to dismiss a petition on the merits rather than requiring complete exhaustion. Several district judges in this Circuit have expressed the test as whether the unexhausted claim is "patently frivolous." E.g., Turner v. Senkowski, No. 97-CV-653, 1998 WL 912011 at *4 (W.D.N.Y. Nov. 23, 1998); Youngblood v. Greiner, 97 Civ. 3289, 1998 WL 720681 at *6 (S.D.N.Y. Oct.13, 1998); Colon v. Johnson, 19 F.Supp.2d 112, 120, 122 (S.D.N.Y.1998); Hogan v. Ward, 998 F.Supp. 290, 293 (W.D.N.Y.1998). "The Third, Fifth, and Ninth Circuits have held that section 2254(b)(2) embodies the Supreme Court's pre-AEDPA holding in Granberry v. Greer [, 481 U.S. 129, 135 (1987) ] which states that a court may deny an unexhausted claim on the merits if it is 'perfectly clear that the applicant does not raise even a colorable federal claim.'" Fayton v. Connolly, No. 06 Civ. 3685(SAS), 2009 WL 1615995, at *4 & n.45 (S.D.N.Y. June 9, 2009) (quoting Cassett v. Stewart, 406 F.3d 614, 623 (9th Cir.2005); Jones v. Morton, 195 F.3d 153, 156 n. 2 (3d Cir.1999); Mercadel v. Cain, 179 F.3d 271, 276 n.4 (5th Cir.1999)). Under either standard, petitioner fails to establish that he is entitled to habeas relief.

It is undisputed that petitioner pleaded guilty. Plea Tr. 10-18. In so doing, petitioner "waived all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea." Vasquez v. Parrott. 397 F.Supp.2d 452, 463 (S.D.N.Y.2005) (citing Tollett v.

Henderson, 411 U.S. 258, 267 (1973); United States v. Torres, 129 F.3d 710, 715-16 (2d Cir.1997); United States v. Coffin, 76 F.3d 494, 497-98 (2d Cir.1996); Fields v. Att'y Gen. of the State of Maryland, 956 F.2d 1290, 1294-95 (4th Cir.1992) (collecting cases)). None of the claims contained in the habeas petition challenge the voluntariness of his plea, and, in any event, the transcript of the plea proceeding indicates that petitioner's plea was knowingly, voluntarily, and intelligently entered. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (Statements made by a defendant at a plea hearing constitute a "formidable barrier" that cannot be easily overcome in subsequent collateral proceedings because "[s]olemn declarations in open court carry a strong presumption of verity). Petitioner's ineffective assistance of trial counsel claims must therefore be dismissed.

## 2. Ineffective Assistance of Appellate Counsel

Likewise, petitioner failed to challenge his appellate counsel's effectiveness by way of an application for writ of error coram nobis in the Appellate Division, which renders his claim of ineffective assistance of appellate counsel unexhausted. See Pet. ¶ 14(b). This claim must also be denied under the discretionary authority of 28 U.S.C. § 2254(b)(2).

In order to show ineffective assistance of appellate counsel, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced

by counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).   An appellate attorney is not required to raise every nonfrivolous argument. <u>Jones v. Barnes</u>, 463 U.S. 745, 754 (1983). The petitioner must, instead, show that counsel omitted "significant and obvious issues while pursuing issues that were clearly and significantly weaker." <u>Mayo v. Henderson</u>, 13 F.3d 528, 532 (2d Cir.1994).

Petitioner contends that the "sole issue raised by counsel on appeal was without merit, and not properly presented as a constitutional violation." Pet. ¶ 14(b)(A). First, appellate counsel filed a well-written, well argued, and thorough brief covering the sentencing issue. Appellate counsel raised the one argument he believed had real merit, acknowledging "the importance of winnowing out weaker arguments." <u>Barnes</u>, 463 U.S. at 751-54. Such discretion is clearly afforded appellate counsel. Simply because appellate counsel chose to focus on one issue does not indicate that he was ineffective. <u>See</u>, <u>Tung v. Fischer</u>, No. 01CV3877(JG), 2003 WL 22999662, *17 (E.D.N.Y. Dec. 23, 2003) (Appellate counsel could not be deemed ineffective for raising only single issue on appeal, without more). Second, appellate counsel had no reason to frame the sentencing challenge as a "constitutional violation" in order to exhaust it for habeas review because it is well-settled that a permissible sentence under New York's statutory scheme is not a cognizable federal claim. <u>See</u>

White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal
constitutional issue is presented where, as here, the sentence is
within the range prescribed by state law.").

Petitioner's remaining arguments that appellate counsel was
ineffective for failing to raise claims of ineffective assistance
of trial counsel, coerced guilty plea, and impermissibly suggestive
identification procedure on direct appeal, are likewise without
force. Petitioner did not preserve any of these claims for
appellate review in the state court proceedings. Although the
Appellate Division is authorized under N.Y. Crim. Proc. L.
§ 470.15(3) & (6) to exercise its discretion to review unpreserved
claims "in the interest of justice," claims not raised in the trial
court are reviewed "sparingly" and "interests of justice" review is
not routinely performed. Quirama v. Michele, 983 F.2d 12, 14 (2d
Cir.1993) (citing Martinez v. Harris, 675 F.2d 51 (2d Cir.1982) (in
turn citing People v. Robinson, 36 N.Y.2d 224 (1975)). Given the
clear lack of preservation, it cannot be said that appellate
counsel was unreasonable in declining to include the claim in his
brief on appeal. See Aparicio v. Artuz, 269 F.3d 78, 96 (2d
Cir.2001) (holding that appellate counsel was not ineffective for
failing to raise a claim of Double Jeopardy that clearly had been
waived at the trial level and therefore not preserved for appellate
review); Clarke v. Goord, No. 07-CV-0366, 2007 WL 2324965, at *6
(E.D.N.Y. Aug. 10, 2007); Where, as here, there is no basis to

conclude that the appellate court would have considered these issues on the merits, petitioner cannot demonstrate that the outcome of the appeal would have been different had the unpreserved issues been raised.

Because petitioner has not raised a "colorable federal claim" warranting habeas relief, his claims relating to his appellate counsel's alleged ineffectiveness must be dismissed.

## IV.   Conclusion

For the reasons stated above, Darnell Cummings' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir.2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:      June 23, 2011
            Rochester, New York